**RAHAYEL v. McCAMPBELL, Federal Prohibition Adm'r, et al.**

No. E-5095.

District Court, E. D. New York.

Jan. 6, 1931.

David F. Price, of Brooklyn, N. Y. (Samuel Binder, of Brooklyn, N. Y., of counsel), for complainant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and Geo. H. Bragdon, Asst. U. S. Attys., both of Brooklyn, N. Y., and John E. O'Neill, Legal Adviser, Treasury Department, of New York City, of counsel), for defendants.

BYERS, District Judge.

Since the order, 44 F.(2d) 841, for further hearing before the Prohibition Administrator, the following have occurred:

On November 18, 1930, a forfeiture proceeding came to trial before Judge Moscowitz, of this court, and a jury, the object of which was the forfeiture to the United States of the two drums of specially denatured alcohol, formula No. 40, which were seized in this claimant's premises on May 6, 1930, because of the alleged diversion of the 100 gallons, more or less, of denatured alcohol by the complainant (permittee) on or about that day, being the same alleged diversion upon which the revocation proceeding is based.

Claim to the two drums was filed by this complainant, and, at the conclusion of the trial, the jury returned a verdict for the claimant, having been charged in effect that, in order to sustain the libel, the jury would have to conclude from the evidence that the 20 five-gallon cans of denatured alcohol found in the automobile that was intercepted by the prohibition agent came from the claimant's premises.

The verdict, therefore, amounts to a finding by the jury that such was not shown; indeed, it was conceded by the government attorney on the trial that any connection between the denatured alcohol in the automobile and the complainant depended entirely upon inference.

On December 12, 1930, a further hearing in the revocation proceeding was held before the same hearer who rendered the first report.

The additional testimony adduced was to the following effect:

A. The agent Auswaks, who testified on the first hearing, stated that the driver of the car, Brignoli, had been observed by him from his first post of observation on the second floor of a building on the opposite side of the street, about 200 feet from the fourth floor permit premises and near a window in the permit premises. This is in contradiction of what he stated on the first hearing, which is unmistakably that, after seeing Brignoli enter the hallway at the street level, he lost sight of him and did not see him again until he started out of the garage with the second car.

This court does not rely upon the revised testimony.

Auswaks was not called in the trial of the forfeiture case.

B. The special construction of the car from which the twenty cans were said to have been taken was described, and the description is evidently thought by the hearer to be adequate to indicate a capacity to carry so considerable a quantity of five-gallon containers.

C. The agent Croake, who testified at the first hearing and at the forfeiture trial, stated that a young man, name unknown, who said he was an employee of the claimant, told him that "the alcohol came from there." It is assumed that the contents of the cans found in the automobile were alluded to in the foregoing.

This purported conversation was in the claimant's premises, but not in his presence. Also it was not related at the first hearing, nor attempted in the forfeiture case.

In the legal sense, it was not evidence of anything, and for present purposes it is not so regarded, but it possesses practical significance.

D. There was an alleged shortage of 168 gallons of denatured alcohol for the period.

between November 1, 1929, and May 3, 1930, the date of the last receipt thereof.

This shortage was not clearly shown, for two reasons: First, the contents of the storage tanks containing complainant's manufactured products were not shown. Although the agent Conine made tests, he was not urged to state the result thereof. Again, the complainant had a record on a loose slip of paper, attached to his May 3, 1930, receipt of five drums of specially denatured alcohol from the Industrial Alcohol Company, showing the manufacture of 200 gallons of complainant's products, which slip bore Agent Conine's initials. This was the only manufacturing record subsequent to April 3, 1930.

Conine was not a witness in the forfeiture trial.

E. The ownership of the automobile in which the cans were found was shown as of the month of September, 1930, but no connection between it and the complainant is asserted; nor between its owner and the complainant.

Upon these additional facts, and others previously demonstrated and re-proved, the hearer made findings, under date of December 18, 1930, adhering to his first conclusion, that the license should be revoked and his report has been approved.

The complainant thus finds his business franchise canceled on the ground that he diverted 100 gallons of specially denatured alcohol on May 6, 1930, although a jury in this court has found the contrary.

The complainant urges that the decree of November 26, 1930, awarding to him the two drums of specially denatured alcohol libeled by the United States, is res judicata of this proceeding, although no authority is cited in support of that contention.

The distinction seems obvious between an administrative investigation having for its object the determination of fitness for a permit and the good faith of a permittee, on the one hand, and an adjudication of issues litigated either civilly, criminally or by way of proceedings in rem, on the other.

However slender the evidence relied upon by the hearer, it is not so attenuated as to cause one to overlook the failure of the permittee to undertake an affirmative showing on his own behalf. The very paucity of the proof renders it difficult to understand why the permittee did not call his own employees to prove a negative if necessary, and why he did not produce his manufacturing and sales records to demonstrate the actual facts concerning the amount of denatured alcohol received by him for the period covered by agent Conine's testimony, and the use he made of it.

It cannot be said that there is no evidence to sustain the revocation; it cannot be said that the reiteration of the first conclusion, as the result of what was developed at the second hearing by the prohibition officials and what was not brought to light by the complainant, was either arbitrary or capricious.

Decree for defendants.